In the Matter of the Application of ALBERT E. RAHM to Have His Attorney's Lien Determined and Enforced in the Action of G. LLOYD MAGRUDER, Respondent, *v.* THE AMERICANA COMPANY, a Domestic Corporation, and Others, Appellants.

Appeal from an order of the Supreme Court, entered in the New York county clerk's office on the 24th day of September, 1913, determining an attorney's lien.

DOWLING, J.: The moving papers show that plaintiff, under an agreement with his client Magruder, is entitled to recover for his professional services a sum equal to thirty-three and one-third per cent of any sum that might be recovered by suit, settlement or otherwise, upon a claim against defendants. The petitioner shows that he has issued a summons in the action of Magruder against the Americana Company et al. He alleges upon information and belief that the defendants settled the litigation with his client without his knowledge or consent. It, however, appears from the affidavit of Phineas M. Bond, the secretary and assistant treasurer of the defendant corporation, who has charge of the records thereof, as well as knowledge of all disbursements made by them, that " no money or other consideration has been paid the said plaintiff by the defendant in settlement of this action, nor any settlement thereof whatsoever made with him by the defendants." Under these conditions this order cannot be sustained, based, as it is, upon the theory that a settlement has actually been made in some form or other by his client with the defendants without his consent. The order will, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Ingraham, P. J., Clarke, Scott and Hotchkiss, JJ., concurred. Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

CELIA M. COMINGS, Respondent, *v.* CYPRESS KNITTING MILLS, INC., and Others, Appellants.

Appeal from an order of the Supreme Court, entered in the New York county clerk's office on the 17th day of June, 1913, denying a motion for judgment on the pleadings.

Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Ingraham, P. J., McLaughlin, Laughlin, Dowling and Hotchkiss, JJ.; Dowling, J., dissented.

DOWLING, J. (dissenting): I dissent upon the ground that the only allegation of the complaint upon which such an action as this could be predicated is that it was represented that the defendant corporation owned net assets of the market value of $3,300, and there is no further allegation of the falsity of that representation.

Catherine Murtha, as Administratrix, etc., Respondent, v. Pennsylvania Railroad Company, Appellant.— Judgment and order reversed, new trial ordered, costs to appellant to abide event, on the ground that the finding

First Department, December, 1913.     [Vol. 160.

that the decedent was free from contributory negligence is against the weight of evidence. Order to be settled on notice. Present — Ingraham, P. J., McLaughlin, Laughlin, Dowling and Hotchkiss, JJ.

John Ferguson, Jr., Appellant, v. R. H. Sellers Company, Respondent.— Judgment and order affirmed, with costs. No opinion. Present — Ingraham, P. J., McLaughlin, Laughlin, Dowling and Hotchkiss, JJ.